**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: May 18 2026**

_____
John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **In Re** | ) | Case No.   26-30923 |
| | ) | |
| Daniel W Larzelere, | ) | Chapter 13 |
| | ) | |
| **Debtor.** | ) | **JUDGE JOHN P. GUSTAFSON** |
| | ) | |

## ORDER DENYING REQUEST TO EXTEND TIME FOR CREDIT COUNSELING PURSUANT TO 11 U.S.C. SECTION 109(h)(3)

On May 7, 2026, the court held a hearing on the Debtor's Certificate of Exigent Circumstances and Motion for Extension of Time to File Certificate of Credit Counseling Pursuant to 11 U.S.C. § 109(h)(3) ("Certificate and Motion") [Doc. #9].[1]   The Debtor initiated this Chapter 13 case on April 24, 2026, by filing a Voluntary Petition. [Doc. #1].   In Part 5 of the Petition [Doc. #1, p. 5], titled "Explain Your Efforts to Receive a Briefing About Credit Counseling," the Debtor selected the option certifying that credit counseling services were requested from an approved agency but that Debtor was unable to obtain those services within seven days, and that exigent circumstances merited a 30-day waiver of the requirement.

---

1/  References to the docket in the above captioned case cite to just the docket/page number.  References to the docket of the earlier Chapter 13 case filed by Debtor's mother are cited as [25-30876], followed by the docket/page number.

To obtain such a waiver, the Bankruptcy Code requires the Debtor to include an attachment explaining: (1) the efforts made to obtain the briefing, (2) why the counseling could not be completed before the bankruptcy filing, and (3) the exigent circumstances requiring the case to be filed. Debtor attached to the Petition Form 101: a Request for a 30-day temporary waiver of the requirement to file a certificate of completion of credit counseling ("Request"). [Doc. #1, p. 8]. The Request states: "Debtor has an order for possession of home home [sic] scheduled for the next week. He must file now or lose his home. He cannot finish the course this moment." [*Id.*] Subsequently, the Certificate and Motion was filed by the Debtor on April 28, 2026. [Doc. #9].

Credit counseling is a statutory prerequisite for bankruptcy eligibility under 11 U.S.C. §109(h)(1). This provision mandates that individuals complete a credit counseling briefing ("Briefing") within 180 days before filing for bankruptcy protection unless a certification satisfying the waiver requirements of §109(h)(3)(A) is provided. Thus, the Debtor must submit a certification that:

    (i)     describes exigent circumstances that merit a waiver of the requirements of [§109(h)] paragraph (1);

    (ii)    states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and

    (iii)   is satisfactory to the court.

11 U.S.C. §109(h)(3)(A)(i-iii); *see also*, *In re Ingram,* 460 B.R. 904, 908 (B.A.P. 6th Cir. 2011). "All three prongs must be satisfied to be excused from the credit counseling requirement." *In re Mitchell*, 2009 WL 2877859 at *1, 2009 Bankr. LEXIS 2680 at *3 (Bankr. N.D. Ohio Sept. 2, 2009).

Section 109(h)(1) states that "an individual may not be a debtor" if the Briefing was not timely obtained, unless the requirement was properly waived based upon the debtor meeting §109(h)(3)'s requirements for such a waiver.

The court scheduled the matter for a hearing to assess the Debtor's compliance with the requirements of §109(h)(3), as to the existence of exigent circumstances. At the hearing, Debtor

2

and Debtor's attorney appeared telephonically.

The Debtor's filings and the statements made during the hearing indicated that the Debtor filed this case to stop an eviction from a manufactured home described on Schedule A/B as a "2013 Clayton". [Doc. #1, p. 11]. Debtor's Schedule D reflects that "GTSC Wharehouse [sic], LLC" has a security interest in the "mobile home". [Doc. #1, p. 18]. The debt was incurred in July 2021. [*Id*.] In response to the question: "Who owes the debt?", Debtor checked the box that states: "At least one of the debtors and another." [*Id*.]

During the Hearing, the Debtor stated that he and his mother are co-owners of the property. Debtor's mother had previously filed a Chapter 13 bankruptcy on April 28, 2025, Case Number 25-30876.[2] The Schedules filed in the previous Chapter 13 case listed a 2013 Clayton mobile home [25-30876, Doc. #1, p. 11] secured by the same creditor, "GTSC Wharehouse [sic], LLC" [25-30876, Doc. #1, p. 18]. The listed addresses in both Chapter 13 bankruptcy cases are identical. [25-30876, Doc. #1, p. 2; Doc. #1, p. 2].

In Debtor's mother's Chapter 13 case, a similar request for waiver of the credit counseling requirement was made. The box was checked, certifying that exigent circumstances prevented Debtor's mother from completing the required pre-Petition Briefing. [25-30876, Doc. #1, p. 5]. The earlier Request for a waiver of the stay stated: "Debtor has an order for possession of home home [sic] scheduled for tomorrow. She must file now or will lose her home tomorrow at 10 am. She cannot finish the course this moment." [25-30876, Doc. #1, p. 8]. The two Requests, by Debtor and Debtor's mother, are almost identical, other than the genders of the Requestors, and Debtor's statement that the order for possession was "scheduled for the next week" vs. "scheduled for tomorrow" in the previous Chapter 13 case. *Compare*, [25-30876, Doc. #1, p. 8] *with* [Doc. #1, p. 8]. Even the typographical errors of "home home" are repeated. [*Id*].

Moreover, Daniel W. Lazelere was listed as a co-Debtor for the GTSC "Wharehouse" [sic] LLC debt on Schedule H in his mother's Chapter 13 bankruptcy. [25-30876, Doc. #1, p. 25]. He was also listed on the mailing matrix at his present address. [25-30876, Doc. #1, p. 47].

---

2/ The court takes judicial notice of the contents of its case dockets and the Debtor's and his mother's related case's schedules. Fed. R. Bankr.P. 9017; Fed.R.Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n. 2 (10th Cir.1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp*., 605 F.2d 1169, 1171–72 (6th Cir.1979)(stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

Debtor's mother's Motion for a Seven Day Delay From the Pre-Bankruptcy Credit Counseling Requirement of § 109(h)(1) of the Bankruptcy Code [25-30876, Doc. #7] was granted. [25-30876, Doc. #10].   However, upon dismissal of Debtor's mother's Chapter 13 case in November of 2025, the automatic stay was terminated, allowing the reactivation of the pending collection/eviction action.   [25-30876, Doc. #40].

Debtor stated that he received notice of the judgment of eviction on or about the first week of April.   He stated that his concern at the time was that the notice of the writ of possession was imminent.   A few days later, on April 24, 2026, Debtor filed his Chapter 13 petition.   [Doc. #1]. Debtor further stated that he hoped to complete the credit counseling that day - the day of the May 7th hearing.   However, to date, Debtor has not yet uploaded proof of completion of the credit counseling Briefing.

The Debtor asserted that there was insufficient time to complete the required briefing before filing because the writ of possession had already been granted, and a writ of execution could have been served as soon as the next day after filing the petition.   However, under §109(h), the imminent loss of a home due to eviction does not, in and of itself, necessarily justify a waiver of the credit counseling requirement.

The requirement for "exigent circumstances" is not defined in the Bankruptcy Code, but Black's Law Dictionary defines it as "[a] situation that demands unusual or immediate action and that may allow people to circumvent usual procedures . . ."   Black's Law Dictionary 236 (12th ed. 2024).

While the urgency of an eviction or writ of possession can fit this definition, it is worth noting that judgments and evictions in Ohio follow a judicial process that involves notice and the opportunity for hearing.

The Debtor had the opportunity to address these issues earlier, prior to the scheduled eviction, which would have allowed ample time to complete the pre-Petition counseling.   The record reflects that in November of 2025, the secured creditor was free to reactivate collection activities that had led to Debtor's mother's bankruptcy filing.   Yet, Debtor waited until the last possible moment to file the petition - and in doing so, created the current circumstances he seeks to characterize as "exigent".

A filing based upon an imminent loss of property does not, standing alone, excuse compliance with the Briefing requirement. For example, in *Clippard v. Bass*, 365 B.R. 131, 135 (W.D. Tenn. 2007), a district court affirmed the bankruptcy court's holding that no exigent circumstance existed merely because foreclosure was imminent. *See also*, *In re Black*, 2013 WL 6223022, at *1, 2013 Bankr. LEXIS 5099 at *3 (Bankr. N.D. Ohio Nov. 27, 2013)("Regardless of the court's sympathy for Debtor, the fact is he did not attempt to obtain the counseling as required . . . before he filed [and] is not eligible to be a debtor").

Similarly, in *In re Burrell*, 339 B.R. 664, 666 (Bankr. W.D. Mich. 2006), the court acknowledged that an impending foreclosure action is the sort of exigent circumstance "contemplated by the statute." However, the court also found that while Debtor attested to being unable to file because of the foreclosure action, she did not meet the "satisfactory to the court" requirement under §109(h)(3) because she provided no explanation of why she was unable to get credit counseling prior to the foreclosure action. *Id*. The *Burrell* court acknowledged that these are "harsh outcomes", however the Bankruptcy Code is clear that Debtor must receive the credit counseling prior to filing or meet the limited exceptions set forth in §109(h)(2), (3), and (4).

Similarly, the Eighth Circuit Bankruptcy Appellate Panel affirmed the bankruptcy court's finding that a foreclosure sale scheduled one day after the filing of the Chapter 13 was not "exigent circumstances". *In re Dixon*, 338 B.R. 383 (8th Cir. BAP 2006). Based in part on the bankruptcy court's observation that a 20 day-notice was required for foreclosure under Missouri law, the Bankruptcy Appellate Panel found that denial of the request for a waiver of the Briefing was not an abuse of discretion. *Dixon*, 338 B.R. at 388-389 (citing cases); *see also*, *In re Afolabi*, 343 B.R. 195, 198 (Bankr. S.D. Ind. 2006)("This self-created emergency does not constitute 'exigent circumstances'"); *In re Rodriguez*, 336 B.R. 462, 474 (Bankr. D. Idaho 2005)("Waiting ... until the eve of creditor action before addressing the § 109(h) prerequisite for filing bankruptcy makes the exigency rather self-inflicted.").

While the urgency of the Debtor's situation and his desire to complete counseling post-Petition are understandable, they do not meet the specific requirements of §109(h) or §109(h)(3). The court does not hold there can never be "exigent circumstances" any time a debtor has notice based on service of a creditor's action before the "crisis event." Rather, the court finds that in this

5

case, the Debtor's failure to act despite a prior bankruptcy filed months earlier to deal with the same issue with the same property is the type of self-created emergency that: 1) is insufficient for the court to find "exigent circumstances"; and, 2) the explanation provided is not "satisfactory to the court".  *Cf. In re Kimsel*, 2006 WL 2380684 at *1, 2006 Bankr. LEXIS 1874 at *3 (Bankr. D. Hawai'i Aug. 16, 2006)(denying waiver of §109(h)(1)'s requirement in second bankruptcy filing by same debtor).  Debtor's own description of the events leading up to this filing reflected knowledge of the issues and a failure to act on those known issues.

Further, no evidence was presented that there was an attempt to comply with the requirement that Debtor had requested credit counseling prior to filing, but was unable to obtain those services within 7 days of the request.  §109(h)(3)(A)(ii).  While that requirement might be met by a showing of futility or impossibility, that is not the case here.  Accordingly, that is an additional reason why the request for a waiver of the Briefing requirement will be denied.

Except as provided by statute, the bankruptcy court does not have the discretion to "ignore, modify, or defer the requirements of § 109(h)(1)."  *In re Ingram*, 460 B.R. 904, 910 (6th Cir. BAP 2011).  Further, as the *Ingram* court stated: "Because the Debtor did not comply with the requirements of § 109(h), or qualify for a deferral of the credit counseling requirement, he is not eligible to be a debtor.  Therefore, the bankruptcy court properly dismissed the Debtor's case." *Id*.

Accordingly, because the Debtor did comply with the statutory requirement that debtors complete pre-Petition credit counseling, and has not met the requirements for a waiver, the Debtor's Certificate and Motion will be denied.

**IT IS THEREFORE ORDERED** that Debtor's Certificate of Exigent Circumstances and Motion for Extension of Time to File Certificate of Credit Counseling Pursuant to 11 U.S.C. §109(h)(3) [Doc. #9] is **DENIED**.

**IT IS FURTHER ORDED** that Debtor's case will be Dismissed by separate Order.